IN RE ESTATE OF WILLIAM BREWSTER.
TOWNSHIP OF BLOOMINGTON v. ALOIS HENLE
AND OTHERS.[1]

June 15, 1928.

No. 26,600.

**Will did not create gift in trust for perpetual care of cemetery lot.**

> In construing a will a court may interpret words but not supply them. In consequence a will, merely directing the executrix to invest a fund in some safe manner for the purpose of using the income in the care of a lot in a town cemetery and that, if the executrix should become incapacitated "for taking personal charge of said fund," she should "dispose" of it for the purpose of the care of the lot "according" to a statute permitting the town board to accept gifts for the purpose of the perpetual care of lots, *held* not to create a gift in trust to the town board.

Wills, 40 Cyc. p. 1402 n. 65; p. 1729 n. 76.

See 28 R. C. L. 225; 5 R. C. L. Supp. 1522.

Plaintiff appealed from a judgment of the district court for Hennepin county, Fesler, J. of the eleventh judicial district acting for a judge of the fourth judicial district, affirming a decree of the probate court for Hennepin county, Dahl, J. holding invalid a gift in trust made by the will of William Brewster. Affirmed.

*Smith & Callahan, William B. Movery* and *Joseph A. Kozlak,* for appellant.

*John N. Berg,* for respondents Alois Henle, executor of the estate of Cora Starring Henle, and Elmer W. Gray, administrator of the estate of William Brewster.

*Arctander & Jacobson,* for respondent Irvin Starring.

*Thomas B. Mouer,* for respondent John Harry Starring.

STONE, J.

The final decree of distribution of this estate made by the probate court of Hennepin county denied the validity of a gift in trust

[1]Reported in 219 N. W. 919.

claimed to have been made by the will. On appeal to the district court that order was affirmed, and the township of Bloomington (in Hennepin county) appeals from the judgment.

By his will Mr. Brewster appointed a niece, Cora Starring, as executrix, and she together with two nephews was to take the residue of the estate after the payment of certain legacies. The present controversy has arisen over the second item of the will, which is this:

"I hereby direct my executrix hereinafter named, to invest from the proceeds of my estate, the sum of Fifteen Hundred Dollars ($1,500.00), in some safe manner, and the income from same to be used in caring for and beautifying the lot, in the Bloomington Town Cemetery, in Bloomington Township, Hennepin County, Minnesota, in which the Brewster family is interred, which lot is known as the 'Brewster family lot,' and if my executrix becomes incapacitated for taking personal charge of said fund, I hereby direct that she dispose of same for the purpose of the perpetual care and beautifying of said lot, according to the laws of Minnesota, pertaining to cemeteries, having reference to Sections 1109 to 1121, inclusive, of the General Statutes of Minnesota, for 1913."

The statutes so referred to are a part of the chapter concerning Towns and Town Officers and are now G. S. 1923, §§ 1011-1023. The provision important here is found in § 1016, whereby the supervisors of a town having a cemetery are empowered to receive and administer gifts of money made to the cemetery fund, "and to provide and require that the interest therefrom shall be used * * * in the care and beautifying of such lot or lots in such cemetery, or in the care and beautifying of such cemetery, and may receive and accept gifts and donations for the care and beautifying of any particular lot or lots in such cemetery, and shall use the same and the interest thereon for the purpose specified by the donor."

Mr. Brewster departed this life July 23, 1919. Letters testamentary were issued in due course to his executrix, but she also died in January, 1925. She had taken no action to effectuate the supposed gift for the care of the family lot in the Bloomington town

cemetery. The action of both probate and district courts reflects the view that the attempted gift was ineffectual. In that opinion we concur.

Counsel for appellant are correct in asserting that "the first and great rule in the exposition of wills, to which all other rules must bend, is, that the intention of the testator expressed in his will shall prevail, provided it be consistent with the rules of law." Smith v. Bell, 6 Pet. 68, 75, 8 L. ed. 322. But here we are confronted with an attempt to make a gift in trust, which fails if the agency of creation must be supplied by something extraneous and subsequent to anything the donor has done. The rule is that "the trust is not perfectly created, unless the legal interest is actually transferred to or vested in the trustee. It is not enough that the settlor executed a paper purporting to pass it, if in fact the paper does not have that effect." Perry, Trusts (6 ed.) § 100. In Mr. Brewster's will there is merely a bare direction to the executrix to invest $1,500 "in some safe manner" and to use the income in the care and beautification of the lot. There is no language vesting the legal title of the fund in the executrix unless it be found in the statement that she shall have "personal charge" of the fund. That is hardly sufficient for the creation of a trust.

But we may pass that phase of the problem for, as already stated, the executrix died without having taken any steps to invest or take charge of any fund for the stated purpose. So the ultimate question is whether the town can claim under the declaration that, should the executrix become "incapacitated for taking personal charge of said fund, I hereby direct that she dispose of same for the purpose of the perpetual care and beautifying of said lot, according" to the statutes referred to. That language would be satisfied by a transfer of the principal of the fund to the town in trust to use the income for the designated purpose or by the creation of a trust in another, the income only to go to the town. The meaning is far from clear. The testator has left his trust purposes so indefinite "that it is impossible for the court, in the exercise of its judicial functions, to administer them after the manner of private trusts, without in sub-

stance making a new will for the testator, or at least new and effective provisions to carry his supposed intentions into effect." McHugh v. McCole, 97 Wis. 166, 173, 72 N. W. 631. The difficulty is put by the learned trial judge in these words:

"The town board is really not asking the court to construe the meaning of any words, but asking us to supply them. And they two of. the most important words in any sentence—a verb and an object. The paragraph under consideration contains no word of gift or grant, and no name of donee or grantee. The holding simply is that they cannot be supplied, according to any rules of construction of wills."

Judgment affirmed.